Cheshire,
June 28, 1934.

ERNEST CLAYWOOD *v.* NORWOOD CALEF COMPANY.

*Chester B. Jordan,* for the plaintiff.

*Philip H. Faulkner* and *Ernest L. Bell, Jr. (Mr. Bell* orally), for the defendant.

*Per Curiam.* In support of the order of nonsuit the defendant argues only two points which are stated in its brief as follows:

"1. It is not shown that the splinter caused or set up a condition which resulted in the removal of the eye, and 2, because there is no evidence of the cause for the removal of the eye." Both of these

contentions have to do only with the issue of damages, and if their soundness were conceded, the granting of a nonsuit would not be justified. It is not denied that the plaintiff received an injury to his eye and that there was evidence from which the negligence of the defendant might be found. In this situation, the plaintiff is clearly entitled to go to the jury, and if liability were found, to recover damages in some amount.

It should be further stated, however, that there was evidence from which it might be found that the effects of the injury which the plaintiff received upon May 17, 1928, grew steadily worse, and that as a result thereof it became necessary to remove the eye upon September 29, 1928. The fact that the plaintiff called as a witness only one of the doctors who attended him and that the surgeon who performed the final operation was not called to testify as to the precise reason for the removal of the eye, did not destroy the effect of the other testimony in the case.

In accordance with the agreement of the parties, there must be

*Judgment for the plaintiff.*